# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>                          Plaintiff,            )<br>                                                                )<br>       vs.                                                    )<br>                                                                )<br>JACQUELINE BLOUNT, *et al.*,           )<br>                                                                )<br>                          Defendants.      )<br>_____ ) | Case No.: 2:09-cr-00458-GMN-VCF-1<br><br>**<u>ORDER</u>** |

On March 20, 2013, Jacqueline Blount filed a Motion/Petition Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody, and the Government filed their Response on May 17, 2013.  For the reasons stated below, the Court hereby **DISMISSES** Defendant's Motion/Petition (ECF No. 117).

To the extent Jacqueline Blount claims that her counsel was ineffective for (1) failing to object to the weight of the evidence supporting the calculation regarding the number of her victims, and (2) failing to argue her unsupported loss calculations at sentencing, her argument lacks merit.

The Government attached a list of victims to its Sentencing Memorandum. CR 78-1. Nothing prohibited the Court from looking to this evidence in determining the number of victims―sworn statements and affidavits are not required. *See United States v. Morgan*, 595 F.2d 1134, 1136 (9th Cir. 1979).

Additionally, in signing the plea agreement, Jacqueline Blount admitted that of the 169 fraudulent credit card applications she filed, 78 were processed, giving her a total credit limit of $39,000. CR 64 at 9.  She also specifically agreed that the loss amount was greater than $30,000, triggering the six-level enhancement in U.S.S.G. § 2B1.1(b)(1)(D). CR 64 at 2.  The

Court agrees with the Government that these sworn statements are more credible than her new-found theory that the amount was improperly calculated. See *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

Furthermore, the Court finds its inclusion of relevant conduct was proper as the loss amount is applied by using the greater of the actual or intended loss (see application note 3 of USSG § 2B1.1(b)(1)).  Money ultimately refunded to a victim by virtue of their own credit card fraud insurance or other means does not reduce the intended amount of loss attributable to the defendant. *U.S. v. Wills*, 881 F.2d 823, 827 (9th Cir. 1989).  In sum, Jacqueline Blount's counsel was not deficient for failing to raise these meritless arguments.

Restitution orders by the court may not be addressed in a § 2255 petition. *U.S. v Thiele*, 314 F.3d 399, 400 (9th Cir. 2002).  Jacqueline Blount fails to demonstrate or allege that her case meets any exception that would procedurally allow this Court to revisit her sentence. Likewise, Jacqueline Blount fails to allege any condition that would permit the Court to examine and modify her sentence pursuant to 18 U.S.C. § 3582(c).  According to this procedural bar, the Court **DISMISSES** Defendant's Motion/Petition (ECF No. 117) without reaching the merits of the restitution order or the modification claims.

**DATED** this 16th day of July, 2013.

_____
Gloria M. Navarro
United States District Judge